

FILED
JUL 3 2013
U.S. COURT OF
FEDERAL CLAIMS

# THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GERALD E. BELL and DUANE V. BELL, Individually, JOE METZ, individually and as Testamentary Trustee of the Trust Created in the Last Will and Testament of Thomas B. Waite, NEUHAUS & SONS, a Texas General Partnership, and Bell Bros., a Texas General Partnership, and all as class representatives of similarly situated individuals and landowner entities,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>Defendants. | Case No. 13-455 L |

## COMPLAINT

Plaintiffs, Gerald E. Bell and Duane V. Bell, individually, Joe Metz, individually and as Testamentary Trustee of the Trust Created in the Last Will and Testament of Thomas B. Waite, Neuhaus & Sons, a Texas General Partnership, and Bell Bros., a Texas General Partnership, and all as class representatives of similarly situated individuals and landowner entities, by and through their attorneys, BARRON & ADLER, LLP, and complain of Defendant, United States of America, and states as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this inverse condemnation action for just compensation under the Takings Clause of the 5th Amendment to the United States Constitution as a result of Defendant's taking of Plaintiffs' private property for public use without just compensation. In accordance

1

with the Tucker Act, 28 USC §1491(a)(1), Plaintiffs seek and are entitled to judgment for money damages against the Defendant for the taking, appropriation, and interference with their land arising from the Defendant's construction of a "border fence" on or at Plaintiffs' properties purportedly between Mexico and the United States together with severance damages to Plaintiffs' remainder properties.

2. Plaintiffs own fee simple interests in real property in Hidalgo County, Texas along, at or near the Rio Grande River and the border between Mexico and the United States. The Defendant has built a border fence on or at Plaintiffs' properties leaving considerable acreage on the "river" or "Mexican" side of the border fence significantly impacting Plaintiffs' access, current use, and the property's highest and best use.

3. Defendant has engaged in an unconstitutional physical taking of an interest in real property owned and possessed by Plaintiffs without initiating or pursuing formal condemnation proceedings or payment of just compensation. Defendant's taking is permanent, substantial, and amounts to an unlawful interference and deprivation of Plaintiffs' property interests. As a result, as more fully described below, Plaintiffs have suffered a compensable taking under the dictates of the 5th Amendment mandating just compensation in Plaintiffs' favor.

4. Pursuant to the Tucker Act, Plaintiffs seeks money damages from Defendant, together with reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of the proceeding, under all applicable statutes and law, including the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. section 4654(c) (2000) and the Equal Access to Justice Act, 28 U.S.C. section 2412(d)(1)(A).

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. §1491(a)(1) and 28 U.S.C. §1331. The amount in controversy exceeds $10,000 exclusive of interest, costs and fees.

6. Venue is proper in this judicial district under 28 U.S.C. §1491(a)(1).

## PARTIES

7. Plaintiffs are individuals residing in Hidalgo County, Texas who own interests in the real property in question, together with all those similarly situated as set forth below.

8. Defendant is the United States of America. Defendant has engaged in the conduct described herein constituting the inverse condemnation of Plaintiff's interest in real property giving rise to this lawsuit.

## INTEREST IN REAL PROPERTY

9. Plaintiffs own fee simple interests in property generally located in Hidalgo County, Texas near to or bordering the Rio Grande River. The particular interests owned by Plaintiffs are more particularly described in the attached Exhibit "A" which is incorporated herein by reference.

10. Previously, Plaintiffs' predecessors in interest relative to their property, granted revetment and levee easements to the County of either Hidalgo or Cameron ("County"), granting the County the perpetual right and easement to construct, operate, and maintain suitable levees for flood control purposes on their land.

11. Subsequently, the County granted easements to the United States of America granting the United States of America the same rights as set forth in the above referenced Revetment & Levee Easements. The easements granted by the County to the United States of America are limited to the same flood control purposes as the original Revetment & Levee Easements.

12. The County did not have authority to grant rights or interests greater than, in excess of, or broader in scope than, it originally obtained and possessed. Thus, the easement rights obtained by the United States of America to construct, operate, and maintain suitable levees were specifically limited to those purposes originally granted to the County by Plaintiffs' predecessors, to wit, for flood control purposes.

## COUNT I
## (TAKINGS CLAIM)

13. In or about 2009 or 2010, the Defendant began construction of a border fence on and through Plaintiffs' properties. The border fence is made up of a concrete structure approximately 13 feet tall with long steel bollards installed on top of the concrete base. The steel bollards are approximately 6 inches in diameter and are spaced approximately 6 inches apart. The border fence extends across and/or along Plaintiffs' properties. While the fence has been started, its construction is not complete as there remain openings where gates are said to be planned to be constructed and installed.

14. The border fence has severely impacted and interfered with the use, access, and highest and best use of Plaintiffs' properties. For some of the Plaintiff landowners, there are no openings on their property allowing Plaintiffs access to their land on the river side of the border fence. In other instances, there are openings located in the border fence on Plaintiff's property

purportedly where gates may be installed, but none are so installed at the present time. Operational controls for such gates have not been finalized leaving significant uncertainty as to the use, access, and utility of the Plaintiffs' land. Thus, Plaintiffs can no longer access and use their property as they did prior to the construction of the border fence.

15. Defendant's construction of the border fence is for security purposes which exceeded the clear and unambiguous limits of the easements originally granted by Plaintiffs' predecessors to the County and subsequently to the Defendant. The construction of the border fence on Plaintiffs' property constituted intentional invasions, takings, and interferences of Plaintiffs' property interests. Moreover, Defendant's construction of the border fence on and at Plaintiffs' land was a direct, natural, and probable result of an authorized activity and was significant in nature and not incidental. Plaintiffs can no longer traverse, access, or use their land as before. This physical taking is permanent in nature and duration.

## COUNT II
## (CLASS ACTION)

16. Plaintiffs incorporate by reference all prior paragraphs as if fully copies and set forth at length herein.

17. The proposed class is so numerous that joinder of all members is impracticable. The proposed class will be made up of those individuals or entities that possess interests in the parcels of property in Hidalgo County along, adjoining, or near the Mexican border where the Defendant constructed the border fence. Prospective class members can be identified by a search of the real estate records of Hidalgo County Central Appraisal District.

18. The claims of the proposed class members involve the same or substantially similar questions of law and fact. The principal issue in this case is whether Defendant's

construction of the border fence exceeded the scope of the Defendant's revetment and flood control easement constituting a taking for which "just compensation" is due under the Fifth Amendment to the United States Constitution.

19. The claims of Plaintiffs are typical of the claims of the proposed class. The claims of the named Plaintiffs, as well as the claims of the proposed class members, arise from the same set of facts and are premised in the same legal theories under Texas state property law, federal statutory law and the Fifth Amendment to the United States Constitution.

20. The Plaintiffs, as representative parties, will fairly and adequately protect the interests of the proposed class. The named Plaintiffs and the proposed class members possess the same interest. They have suffered the same or similar injury – deprivation of property rights. Further, they seek the same remedy – just compensation. Counsel for the class has: (a) experience in handling complex litigation; (b) knowledge of applicable laws; (c) adequate resources to commit to representing the class. Counsel for the class has also performed extensive work in identifying the potential claims in this action.

21. An opt-in class action is superior to all other methods of litigation based on the principals of judicial economy, consistency and uniformity of outcomes, conservation of litigation expenses, as well as certainty of the size of the proposed class.

22. Plaintiffs further state that, in addition to the prerequisites for a class being met, a class action is maintainable pursuant to FRCP 23(b).

## JUST COMPENSATION AND DAMAGES

23. As a result of Defendant's unconstitutional taking of Plaintiffs' properties, Plaintiffs are entitled to just compensation under the 5th Amendment of the United States

Constitution. Specifically, Plaintiffs are entitled to recovery of the fair market value of the real property interest taken as a result of the construction of the border fence on their properties, together with severance damages sustained to their remainder land.

24. Plaintiffs are entitled to recover attorneys' fees and costs in accordance with applicable law, the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. section 4654(c) (2000), and the Equal Access to Justice Act, 28 U.S.C. section 2412(d)(1)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant judgment in its favor for the following:

- A. Money damages in the form of just compensation for the taking unlawfully undertaken by the Defendant, together with severance damages caused to Plaintiffs' remainder properties;
- B. All monetary damages allowed by law;
- C. Reasonable and necessary attorneys fees through trial and all appeals;
- D. Pre-judgment and post judgment interest as allowed by law;
- E. All costs of court;
- F. Such other and further relief to which Plaintiffs may be entitled.

Dated: July 2, 2013

                    Respectfully submitted,

                    **BARRON & ADLER, LLP**

By: _/s/ K. Loessin_
                    KIMBERLI DEAGEN LOESSIN
                    *Attorney in Charge*
                    1421 Heights Boulevard
                    Houston, Texas 77008
                    713-525-1500
                    713-526-1550 Fax
                    loessin@barronadler.com

                    ROY R. BRANDYS
                    808 Nueces
                    Austin, Texas 78701
                    512-478-4995
                    512-478-6022 Fax
                    brandys@barronadler.com

                    ATTORNEYS FOR THE PLAINTIFFS

| Owners | Legal Description | Account Nos. | Appraisal District Nos. |
|---|---|---|---|
| Gerald E. Bell and Duane V. Bell | LOS EJIDOS DE REYNOSA LT 177 RIVER INCREASE .13 25.0 AC GR 17.08 AC NET | L605000000017700 | 222376 |
| Joe Metz Testamentary Trustee of the Trust Created in the Last Will and Testament of Thomas B. Waite | LOS EJIDOS DE REYNOSA LT 176 RIVER INCREASE 6.50 AC 125.0 AC | L605000000017600 | 222375 |
| Joe Metz | LOS EJIDOS DE REYNOSA 9.90AC - LOT 133; 8.60AC - LOT 134; 44.97AC - LOT 143 & 15.90AC - LOT 144A 79.37AC NET | L605000000013315 | 664522 |
| Earl Neuhaus (Neuhaus & Sons) | BANCO LAS BONITAS #37 BLK 37 291.00 AC | B075000037000000 | 121378 |
| Weldon G. Bell (Bell Bros) | CAVAZOS, LINO ABST 57 PALM PLACE, 727.88 AC NET | C2500-00-0570000-75 | 133740 |

# EXHIBIT A