THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GERALD E. BELL and DUANE V. BELL, Individually, JOE METZ, individually and as  Testamentary Trustee of the Trust Created in the Last Will and Testament of Thomas B. Waite, SHARON REES, WAITE, individually, NEUHAUS & SONS, a Texas General Partnership, and BELL BROS, a Texas General Partnership,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.  13-455L<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

Plaintiffs, Gerald E. Bell and Duane V. Bell, individually, Joe Metz, individually and as Testamentary Trustee of the Trust Created in the Last Will and Testament of Thomas B. Waite, Sharon Rees Waite, individually, Neuhaus & Sons, a Texas General Partnership, and Bell Bros., a Texas General Partnership, by and through their attorneys, BARRON & ADLER, LLP, in accordance with the Court's Opinion and Order of June 6, 2016 (ECF No. 51)  files this their First Amended Complaint, and states as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this inverse condemnation action for just compensation under the Takings Clause of the 5th Amendment to the United States Constitution as a result of Defendant's taking of Plaintiffs' private property for public use without just compensation. In accordance

1

Case 1:13-cv-00455-PEC   Document 53   Filed 06/23/16   Page 2 of 7

with the Tucker Act, 28 USC §1491(a)(1), Plaintiffs seek and are entitled to judgment for money damages against the Defendant for the taking, appropriation, and interference with their land arising from the Defendant's construction of a "border wall" on or at Plaintiffs' properties purportedly between Mexico and the United States together with severance damages to Plaintiffs' remainder properties.

2. Plaintiffs own fee simple interests in real property in Hidalgo County, Texas along, at or near the Rio Grande River and the border between Mexico and the United States. The Defendant has built a "border wall" on or at Plaintiffs' properties leaving considerable acreage on the "river" or "Mexican" side of the border wall significantly impacting Plaintiffs' access, current use, and the property's highest and best use.

3. Defendant has engaged in an unconstitutional physical taking of an interest in real property owned and possessed by Plaintiffs without initiating or pursuing formal condemnation proceedings or payment of just compensation. Defendant's taking is permanent, substantial, and amounts to an unlawful interference and deprivation of Plaintiffs' property interests. As a result, as more fully described below, Plaintiffs have suffered a compensable taking under the dictates of the 5th Amendment mandating just compensation in Plaintiffs' favor.

4. Pursuant to the Tucker Act, Plaintiffs seeks money damages from Defendant, together with reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of the proceeding, under all applicable statutes and law, including the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. section 4654(c) (2000) and the Equal Access to Justice Act, 28 U.S.C. section 2412(d)(1)(A).

2

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. §1491(a)(1) and 28 U.S.C. §1331. The amount in controversy exceeds $10,000 exclusive of interest, costs and fees.

6. Venue is proper in this judicial district under 28 U.S.C. §1491(a)(1).

## PARTIES

7. Plaintiffs are individuals or entities residing in Hidalgo County, Texas who own interests in the real property in question, together with all those similarly situated as set forth below.

8. Defendant is the United States of America. Defendant has engaged in the conduct described herein constituting the inverse condemnation of Plaintiff's interest in real property giving rise to this lawsuit.

## INTEREST IN REAL PROPERTY

9. Plaintiffs own fee simple interests in property generally located in Hidalgo County, Texas near to or bordering the Rio Grande River.

10. Previously, Plaintiffs' predecessors in interest relative to their property, granted revetment and levee easements to the County of Hidalgo ("County"), granting the County the perpetual right and easement to construct, operate, and maintain suitable levees for flood control purposes on their land.

11. Subsequently, the County granted easement deeds to the United States of America granting the United States of America the same rights as set forth in the above referenced Revetment & Levee Easements. The easements granted by the County to the United States of America were limited to the same flood control purposes as the original Revetment & Levee Easements.

12. The County did not have authority to grant rights or interests greater than, in excess of, or broader in scope than it originally obtained and possessed. Thus, the easement rights obtained by the United States of America to construct, operate, and maintain suitable levees were specifically limited to those purposes originally granted to the County by Plaintiffs' predecessors, to wit, for flood control purposes.

## COUNT I
## (TAKINGS CLAIM)

13. In or about 2009 or 2010, the Defendant began construction of a border wall on and through Plaintiffs' properties. The border wall is made up of a concrete structure approximately 13 feet tall with long steel bollards installed on top of the concrete wall extending in some instances three to six feet in height. The steel bollards are approximately 6 inches in diameter and are spaced approximately 6 inches apart. The border wall extends across and/or along Plaintiffs' properties. While the wall has been started, its construction is not complete as there remain openings where gates are said to be planned to be constructed and installed.

14. The border wall has severely impacted and interfered with the use, access, and highest and best use of Plaintiffs' properties. For some of the Plaintiff landowners, there are no openings on their property allowing Plaintiffs access to their land on the river side of the border wall. In other instances, there are openings located in the border wall on Plaintiff's property

purportedly where gates may be installed, but none are so installed at the present time. Operational controls for such gates have not been finalized leaving significant uncertainty as to the use, access, and utility of the Plaintiffs' land. Thus, Plaintiffs can no longer access and use their property as they did prior to the construction of the border fence.

15. Defendant's construction of the border fence is for security purposes which exceeded the clear and unambiguous limits of the easements originally granted by Plaintiffs' predecessors to the County and subsequently to the Defendant. The construction of the border fence on Plaintiffs' property constituted intentional invasions, takings, and interferences of Plaintiffs' property interests. Moreover, Defendant's construction of the border fence on and at Plaintiffs' land was a direct, natural, and probable result of an authorized activity and was significant in nature and not incidental. Plaintiffs can no longer traverse, access, or use their land as before. This physical taking is permanent in nature and duration.[1]

## JUST COMPENSATION AND DAMAGES

16. As a result of Defendant's unconstitutional taking of Plaintiffs' properties, Plaintiffs are entitled to just compensation under the 5th Amendment of the United States Constitution. Specifically, Plaintiffs are entitled to recovery of the fair market value of the real property interest taken as a result of the construction of the border wall on their properties, together with severance damages sustained to their remainder land.

17. Plaintiffs are entitled to recover attorneys' fees and costs in accordance with

---

[1] Plaintiffs have removed Count II (Class Action) previously plead in their Original Complaint in light of the Court's Order Denying Class Certification (ECF No. 34).

applicable law, the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. section 4654(c) (2000), and the Equal Access to Justice Act, 28 U.S.C. section 2412(d)(1)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant judgment in its favor for the following:

A.  Money damages in the form of just compensation for the taking unlawfully undertaken by the Defendant, together with severance damages caused to Plaintiff's remainder property;

B.  All monetary damages allowed by law;

C.  Reasonable and necessary attorneys fees through trial and all appeals;

D.  Pre-judgment and post judgment interest as allowed by law;

E.  All costs of court;

F.  Such other and further relief to which Plaintiffs may be entitled.

Dated:  June 23, 2016

    Respectfully submitted,

**BARRON, ADLER, CLOUGH & ODDO LLP**

By:   /s/  Roy R. Brandys
      ROY R. BRANDYS
      *Attorney in Charge*
      808 Nueces St.
      Austin, Texas 78701
      512-478-4995
      512-478-6022 Fax
      brandys@barronadler.com

      ATTORNEYS FOR THE PLAINTIFFS

## CERTIFICATE OF SERVICE

      I hereby certify that on June 23, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

John P. Tustin
Environment & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3538
Washington, D.C. 20004
202-305-3022
john.tustin@usdoj.gov
      Counsel for Defendant

                                      By:    /s/ Roy R. Brandys
                                                  Roy R. Brandys
                                                  Attorney for Plaintiffs