# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GERALD E. BELL, *et al.*, | Case No. 13-455-PEC |
| Plaintiffs, | Hon. Patricia E. Campbell-Smith |
| v. | (E-Filed July 1, 2016) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF No. 53]

Pursuant to Rules of the United States Court of Federal Claims ("RCFC") 7(a), 8(b), and 12, Defendant, the United States of America, hereby responds to the allegations in the numbered paragraphs of Plaintiffs' First Amended Complaint (ECF No. 53) as follows:

## NATURE OF THE ACTION

1. The allegations in Paragraph 1 are conclusions of law to which no response is required. To the extent that a response is required, the United States denies the allegations in Paragraph 1.

2. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 2 and, on that basis, denies those allegations at this time. The allegations in the second sentence of Paragraph 2 are conclusions of law to which no response is required. To the extent that a response is required, the United States denies the allegations in the second sentence of Paragraph 2.

3. The allegations in Paragraph 3 are conclusions of law to which no response is required. To the extent that a response is required, the United States denies the allegations in Paragraph 3. The United States specifically denies that it has taken Plaintiffs' property or that

1

Plaintiffs are entitled to just compensation under the Fifth Amendment to the United States Constitution.

4. The allegations in Paragraph 4 are Plaintiffs' characterization of their claims to which no response is required. To the extent that a response is required, the United States denies the allegations in Paragraph 4, but admits that Plaintiffs allege claims under the Fifth Amendment to the United States Constitution and the referenced statutes. The United States avers that the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 and the Equal Access to Justice Act are the best evidence of their respective contents.

## JURISDICTION AND VENUE

5. The United States admits that the Tucker Act, 28 U.S.C. § 1491(a)(1), confers jurisdiction on the United States Court of Federal Claims to hear claims based on the Just Compensation Clause of the Fifth Amendment to the United States Constitution. The United States denies that 28 U.S.C. § 1331 confers jurisdiction on the United States Court of Federal Claims. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, on that basis, denies those allegations at this time.

6. The United States admits that the Tucker Act, 28 U.S.C. § 1491(a)(1), confers jurisdiction on the United States Court of Federal Claims to hear claims based on the Just Compensation Clause of the Fifth Amendment to the United States Constitution. The United States further avers that there are no "judicial districts" relevant to venue in this case because the United States Court of Federal Claims has national jurisdiction. *See* 28 U.S.C. § 2505.

## PARTIES

7.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies those allegations at this time.

8.      The United States admits the allegations in the first sentence of Paragraph 8.  The allegations in the second sentence of Paragraph 8 are conclusions of law to which no response is required.  To the extent that a response is required, the United States denies the allegations in the second sentence of Paragraph 8.

## INTEREST IN REAL PROPERTY

9.      The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies those allegations at this time.

10.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies those allegations at this time.

11.     The United States admits that Hidalgo County, Texas granted flood control easements to the United States of America.  The remaining allegations in Paragraph 11 are conclusions of law to which no response is required.  To the extent that a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and, on that basis, denies those allegations at this time.

12.     The allegations in Paragraph 12 are conclusions of law to which no response is required.  To the extent that a response is required, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies those allegations at this time.

# COUNT I

## (TAKINGS CLAIM)

13.     In response to the first sentence of Paragraph 13, the United States denies that it began construction of a "border wall" on and through Plaintiffs' properties in 2009 or 2010.  The United States avers that in 2007, Hidalgo County, Texas officials alerted the United States Department of Homeland Security (DHS) of potential overlap between the County's pre-existing plans to raise the height of its levees to meet flood control standards established by the Federal Emergency Management Agency (FEMA), and the DHS's border infrastructure plans, which were mandated by the Secure Fence Act of 2006, Pub. L. 109–367, § 3, 120 Stat. 2638 (Oct. 26, 2006) (8 U.S.C. 1103 note), as amended by the Consolidated Appropriations Act, 2008, Pub. L. 110–161, Div. E, Title V, § 564, 121 Stat. 1844 (Dec. 26, 2007).  The County offered to build a joint structure, and DHS agreed to the proposal.  In 2008, a contractor retained by Hidalgo County constructed a concrete retaining wall to replace portions of the earthen levee that stood on the United States International Boundary & Water Commission's (USIBWC) flood control easement.  The concrete retaining wall sits within the USIBWC's flood control easement.  In some areas along the levee, the concrete retaining wall has bollard fencing on top of it, whereas in others, it does not.  The non-contiguous concrete retaining wall occupies approximately 20 miles of the levee system in Hidalgo County.

In response to the second sentence of Paragraph 13, the United States denies that the concrete retaining wall (or "structure") is 13 feet tall and that the steel bollards extend three to six feet in height.  The concrete retaining wall varies in height in Hidalgo County according to FEMA's flood control standards.  For example, in some areas in Hidalgo County, the wall is 7 feet tall with 11 feet of bollard fencing on top of it to achieve a height of 18 feet.  In other areas,

the wall is 13 feet tall with 5 feet of bollard fencing on top of it.  In yet other areas, the wall is 18 feet high to meet FEMA flood control standards, and it contains no bollard fencing on top of it.

In response to the third sentence of Paragraph 13, the United States denies that the bollards are six inches in diameter and spaced approximately 6 inches apart.  The United States avers that where bollards are located on the structure, those bollards are square, with six inch sides, and they are spaced approximately 4 inches apart.

The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 13 and, on that basis, denies those allegations at this time.

In response to the fifth sentence of paragraph 13, the United States denies that the construction of the "border wall" is not complete.  Construction of the concrete retaining wall is complete, as is the installation of bollard fencing.  The United States admits that there remain openings in the joint structure where gates are planned to be constructed and installed.

14. The allegations in the first sentence of Paragraph 14 are conclusions of law to which no response is required.  To the extent that a response is required, the United States denies the allegations in the first sentence of Paragraph 14.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 14 and, on that basis, denies those allegations at this time.  The United States denies the allegations in the fourth sentence of Paragraph 14.  The U.S. Border Patrol's Rio Grande Valley Sector has established Standard Operating Procedures (SOP) for gates installed in the Rio Grande Valley Sector's area of responsibility, which includes Hidalgo County.  The allegations in the fifth sentence of Paragraph 14 are conclusions of law to which no

response is required.  To the extent that a response is required, the United States denies the allegations in the fifth sentence of Paragraph 14.

15. The allegations in Paragraph 15 are conclusions of law to which no response is required.  To the extent that a response is required, the United States denies the allegations in Paragraph 15.  The allegations in footnote 1 in Paragraph 15 are Plaintiffs' characterization of its case to which no response is required.

## JUST COMPENSATION AND DAMAGES

16. The allegations in Paragraph 16 are conclusions of law to which no response is required.  To the extent that a response is required, the United States denies the allegations in Paragraph 16.  The United States specifically denies that it has taken Plaintiffs' property or that Plaintiffs are entitled to just compensation under the Fifth Amendment to the United States Constitution.

17. The allegations in Paragraph 17 are conclusions of law to which no response is required.  To the extent that a response is required, the United States denies the allegations in Paragraph 17.

The United States denies that Plaintiffs are entitled to any relief, including without limitation the relief prayed for on page 6 of Plaintiffs' First Amended Complaint.

## GENERAL DENIAL

All of the allegations in Plaintiffs' Complaint that have not been specifically admitted, denied, or otherwise answered are hereby denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs fail to identify the specific property interest alleged to have been taken by the United States as required by RCFC 9(i).

### Third Affirmative Defense

To the extent that any Plaintiff alleges an inverse condemnation based on a denial of access, such a claim is unripe.

## PRAYER

WHEREFORE, the United States of America denies that Plaintiffs are entitled to the relief they pray for, or to any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be granted such other further relief as the Court may allow.

Dated:  July 1, 2016

>                    JOHN C. CRUDEN
>                    Assistant Attorney General
>                    Environment & Natural Resources Division
>
>                    */s/   John P. Tustin*
>                    JOHN P. TUSTIN
>                    Environment & Natural Resources Division

United States Department of Justice
601 D Street, NW, Rm. 3538
Washington, D.C. 20004
202-305-3022
john.tustin@usdoj.gov

*Counsel for Defendant*

OF COUNSEL:

Blake K. Harden
Attorney (Trade & Finance Section)
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Avenue, NW Room 4.4B
Washington, DC 20229